67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rex Michael LATIMER, Petitioner-Appellant,
v.
Manfred F. MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 94-36001.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1995.
Decided Oct. 4, 1995.
 
 Before: SCHROEDER, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oregon state prisoner Rex Michael Latimer appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254, following his conviction and 20-year sentence for first degree robbery and second-degree kidnapping in 1987.
 
 
 3
 He maintains that he received ineffective assistance of counsel because counsel failed to advise Latimer that his trial testimony could be impeached by prior felony convictions. We assume on this record that his counsel did not advise him that he could be impeached if he took the stand and we assume further, that such a failure fell below an objective standard of reasonableness for the profession under the test enunciated by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, petitioner must additionally show that counsel's deficient performance prejudiced the defense to the extent that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Latimer had a plausible alibi defense at trial. His counsel stated that he never considered not putting him on the stand for the obvious reason that his testimony would bolster the other witnesses' testimony concerning his defense. Appellant cannot explain how his case would have been stronger if he had refused to take the stand, especially in light of the impeachment of his witnesses on cross-examination. Moreover, government counsel did not in fact attempt to impugn appellant's credibility through impeachment with the prior convictions. His counsel drew the sting early in his direct examination, and the convictions were not thereafter mentioned during his testimony or during cross-examination. Petitioner has not demonstrated prejudice.
 
 
 4
 Second, appellant contends that he was deprived of due process of law when the trial court refused to suppress photo lineup evidence for identification purposes at trial. We have held that even if a photo lineup is suggestive, the identification from it may nevertheless be admissible if there are independent indicia of reliability present to support the identification. See Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 382 (1972); Mitchell v. Goldsmith, 878 F.2d 319, 323 (9th Cir.1989); United States v. Monk, 774 F.2d 945, 956 (9th Cir.1985). The trial court found such indicia on the basis of evidence that the witness had a substantial opportunity to view the robber, that he gave a detailed description of him matching the appellant, that his identification was unequivocal, and that it took place only eight days after the robbery. See Neil, 409 U.S. at 199. There was, in addition, an in-court identification of the appellant that is not here challenged. Any suggestiveness in the photo lineup itself does not, in these circumstances, require a reversal of appellant's conviction on grounds of a constitutional violation. The district court properly denied the petition for writ of habeas corpus.
 
 
 5
 AFFIRMED.
 
 REINHARDT, Circuit Judge, concurring:
 
 6
 I concur under compulsion of Neil v. Biggers, 409 U.S. 188, 199 (1972) and United States v. Dring, 930 F.2d 687, 692-93 (9th Cir.1991), cert. denied, 113 S.Ct. 110 (1992). Nevertheless, I find the photospread presented in this case most troubling. The defendant was convicted and sentenced to 20 years in prison almost entirely on the basis of identification testimony that stemmed from the dubious photospread.
 
 
 7
 The victim identified the robber as having a moustache. There was only one person in the photospread with a moustache--the defendant. Under these circumstances, it was very likely that the defendant's picture would be selected "whether or not he was in fact the robber." United States v. Monks, 774 F.2d 945, 956 (9th Cir.1985). There was no significant evidence, apart from the identification that would have led a jury to conclude that the defendant was the culprit. As far as the record reveals, the defendant had never previously been convicted of a robbery, assault or similar crime. His only prior offense appears to have been being in possession of controlled substances.
 
 
 8
 The use of "suggestive" photospreads can result in the conviction of the innocent. I certainly hope that is not what occurred in this case.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3